FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y

★  12 - 5 -13  ★

12-5-13

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

ERNEST ELIGON A.K.A. NOEL PORTER,

    Plaintiff,

-against-

N.Y.C. DEPT. OF CORR.; OFFICER GILL 6384,[1]

    Defendants.
-----------------------------------------------------------------x

**ORDER OF PARTIAL DISMISSAL**
13-CV-6215 (SLT) (JMA)

TOWNES, United States District Judge:

Plaintiff Ernest Eligon, currently incarcerated at Rikers Island Correctional Facility, brings this pro se complaint pursuant to 42 U.S.C. §1983. Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted. Plaintiff's claim, discussed below, against defendant New York City Department of Correction ("DOC") is dismissed. Plaintiff's claim against correction officer Gill will proceed.

## Background

Plaintiff alleges that on or about September 6, 2013, he went to the Rikers Island Correctional Facility pharmacy to retrieve his psychiatric medication and was informed that there was no medication for him. Compl. at ¶ IV. Plaintiff states that when he returned to his housing area and attempted to speak to a Captain about his lack of medication, he was physically assaulted by officer Gill. Id. Plaintiff seeks monetary damages.

---

[1] The Court notes that the individual defendant's name is spelled variously as "Gill" and "Gil" throughout Plaintiff's complaint. For ease of reference, the Court will use the former spelling.

1

## Standard of Review

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, sua sponte dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read a plaintiff's pro se complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

## Discussion

In order to maintain a §1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." Morris–Hayes v. Board of Educ. of Chester Union Free Sch. Dist., 423 F.3d 153, 159 (2d Cir. 2005) (citing Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)).

### DOC

The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396. DOC is an agency of the City of New York. See, e.g., McNeil v. City of New York, NYPD, No. 13-CV-4579, 2013 WL 4761142, at *2 (E.D.N.Y. Sept. 3, 2013) (holding that DOC and other "agencies of the City of New York . . . lack independent legal existence and are not suable entities"); Maier v. New York City Police Dep't, No. 08-CV-5104, 2009 WL 2915211, at *2 (E.D.N.Y. Sept. 1, 2009) (dismissing all claims against the NYPD and DOC as non-suable entities). As such, DOC lacks an independent legal existence and is not a suable entity. Accordingly, Plaintiff's claim against DOC is dismissed. See 28 U.S.C.§ 1915A(b).

## Conclusion

Accordingly, it is hereby:

ORDERED that Plaintiff's claim against defendant the New York City Department of Correction is dismissed. See 28 U.S.C.§ 1915A(b). No summons shall issue as to this defendant, and it is further

ORDERED that the United States Marshals Service is directed to serve the summons and complaint upon correction officer Gill 6384, without prepayment of fees, and it is further

ORDERED that a courtesy copy of the summons, complaint, and this order shall be served upon the Corporation Counsel for the City of New York, Federal Litigation Unit.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

/S/ Judge Sandra L. Townes
/SANDRA L. TOWNES
United States District Judge

Dated: December 4, 2013
Brooklyn, New York

4